**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 5, 2012

Lyle W. Cayce
Clerk

No. 11-41254
Summary Calendar

UNITED STATES OF AMERICA,

                    Plaintiff-Appellee

v.

SEFERINO AVILA,

                    Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:11-CR-319-2

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Seferino Avila appeals the sentence imposed following his guilty plea convictions for conspiracy to launder monetary instruments and possession with intent to distribute 323 kilograms of cocaine. He argues that the district court clearly erred in finding that he was a manager or supervisor and in imposing a three-level increase in his offense level pursuant to U.S.S.G. § 3B1.1(b) and that the Presentence Report (PSR) did not have sufficient or reliable information to support the finding. He contends that because he objected to the enhancement,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the Government was required to present evidence supporting the enhancement, but failed to do so.  Avila asserts that his brother Alonzo micro-managed the drug trafficking organization; Avila did not make decisions or control others; he helped load and unload the cocaine; he did not recruit anyone; he did not receive a larger share of the profits; and his knowledge of the enterprise was limited to information he received from Alonzo.

Avila's objection to the enhancement did not require the Government to present additional evidence to support it.  Because Avila did not provide any rebuttal evidence to refute the information in the PSR or demonstrate that the information was materially untrue, the district court was free to adopt the information in the PSR as its findings without further inquiry or explanation. *See United States v. Ollison*, 555 F.3d 152, 164 (5th Cir. 2009).  The PSR provided that Avila directed or supervised the actions of his younger brother Alejandro, Julio Leon, Darrell Hamilton, Ricky Saunders, and other unindicted coconspirators at the direction of his brother Alonzo; that he supervised the logistics of transporting the drugs, obtaining drivers, loading, unloading, ensuring that the drugs arrived at the destination, collecting the drug proceeds, and conducting counter surveillance.  The factual basis, which Avila expressly stated was true, also supported the sentencing enhancement.  Because the district court's conclusion that Avila was a manager or supervisor is plausible in light of the record as a whole, the district court did not clearly err in imposing the three-level sentencing enhancement pursuant to § 3B1.1(b). *See United States v. Rose*, 449 F.3d 627, 633-34 (5th Cir. 2006).

AFFIRMED.